Caek, J.
delivered the opinion of the court, That the judgement of the county court was right, and the judgement of the circuit court reversing it, wrong.
We are bound, in the construction of every statute, to look at the mischief, and the remedy; and so far as the words are not plain and peremptory, to consult the meaning of the legislature. The mischief here, was, that a debtor frequently absconded before his debt became due, and thereby defeated his creditor of the common law remedies. This statute enacts, that, in such case, the creditor may go before a justice, and make oath to the true amount of the debt and when it will become due, and that he believes the debtor is about to remove himself and his effects out of the commonwealth &c. and also that he had no knowledge when the debt was contracted, that the debtor had an intention so to remove; and thereupon, the justice, taking bond and security from the creditor, as in other cases of attachment, shall issue an attachment against the goods &c.
In this case, the attachment was issued, levied on goods and debts in the hands of garnishees, and returned to the county court. There an attorney appeared for certain persons claiming to be creditors of the absconding debtor, and objected to the proceeding. The county court gave judgement, which was reversed by the circuit court on a supersedeas obtained in the name of the debtor.
The first objection I shall notice, is, that it does not appear on the record, that any oath was made by the attaching creditor, before the justices who issued the attachment. The answer is, that the law requires the oath to be made, and that thereupon the attachment shall issue; but does not require, that the affidavit shall be certified or returned by *727 the magistrate to the county court, or shall in any way appear upon the record of the proceedings. If on the return of the attachment, it had been objected before the county court, that no oath had been made, the court would, no doubt, have required evidence of the fact: but no such objection having been taken then, it comes too late before this court.
The next objection is, that the law requiring that the oath shall be made by the creditor, one partner óf a mercantile firm cannot make it; because the whole firm (and not an individual member) constitute the creditor contemplated by the act: and this construction is the more relied on, as the remedy by attachment is a summary proceeding, and the law must be strictly followed. This is certainly true: but still it is the law, not the mere letter, that we must follow: we must not so construe it as to sacrifice the clear meaning to the words. The law says, “ Whenever any creditor shall suspect his debtor is about removing” he. ho shall have this attachment. It certainly meant to give the remedy to all creditors alike, not to exclude any class, especially the mercantile class, which, from the extent and multiplicity of their dealings, are the very persons standing most in need of this remedy. And yet the construction contended for, would, in most cases, whore there was a firm, deprive them of this remedy. Wo know that such firms consist of several partners, and, most frequently, that these persons reside at different places, sometimes far asunder; one managing the concerns of the trade here, another in .New York, in France, in England, or elsewhere. In all such cases, the creditor would be cut off from the attachment given to all; for the different members could not unite in the oath. The object of the law, in requiring the oath of the creditor, was to furnish to the magistrate, such evidence of the facts sworn to, as would justify the issuing the process. Is not this evidence just as strong, when the facts are sworn to by a partner of the creditor firm, as if that same person were the sole creditor ? A partner represents the firm : he can bind them *728 for thousands,, or give an acquittance for any debt due to them: he may then be fairly called the creditor, and he swears to the debt, to the removal, or intended removal, of the debtor, and to his ignorance of such intention when the wag contracted. Thus, I think the words and the reason of the law, are satisfied in this respect.
It was then objected, that the bond was not a good one, because it did not bind the firm. If a partner was the creditor to make the oath, he was equally the creditor to give the bond; and if he gives a bond with good surety to pay all costs and damages, which may accrue from suing the attachment, it is all that a debtor has a right, to ask; and such bond has been given here. To require that the bond should bind the whole firm, would (equally with requiring the oath to be made by all) cut off all mercantile houses, whose members are scattered abroad, from this remedy: for we know, that one partner cannot, by deed, bind the firm : and the individual partners could not be collected, to seal and deliver, each for himself. It has been decided too, in the cases cited at the bar, that a partner may in cases like this act for the firm.
These are the principal objections, and all which it is material to notice. The judgement of the circuit court is reversed, and that of the county court affirmed.